UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| RICHARD CARMICHAEL, | ) | CASE NO. C06-0160-JLR |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER OF DISMISSAL |
| | ) | |
| STATE OF WASHINGTON, et al., | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

Petitioner is a prisoner at the Ely State Prison in Ely, Nevada.[1] He has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner identifies his 1987 Snohomish Superior Court convictions on charges of first degree kidnaping and escape as the convictions under attack in the instant federal habeas action. However, petitioner asserts in his petition, and in his supporting memorandum, that he is not seeking to challenge his convictions. Rather, petitioner asserts, he is seeking to challenge Washington State statute of limitations and speedy trial provisions as they are applied to Washington prisoners who are housed outside the State pursuant to the Western Interstate Corrections Compact, RCW 72.70.010, or the Interstate

---

[1] Petitioner indicates in his petition that he is currently a "Compact Boarder" in the State of Nevada.

ORDER OF DISMISSAL
PAGE -1

01 Corrections Compact, RCW 72.74.020.

02 Despite petitioner's assertion that he is not seeking to challenge his 1987 Snohomish
03 County Superior Court convictions in these proceedings, there is no other reasonable way to
04 construe the instant petition. If petitioner were to prevail on the claims raised in the instant
05 petition, it would undermine the validity of the Snohomish County judgment and sentence
06 pursuant to which he is currently incarcerated. The Ninth Circuit has held that 28 U.S.C. § 2254
07 is the *exclusive* avenue for a state court prisoner to challenge the constitutionality of his
08 detention. *See White v. Lambert*, 370 F.3d 1002, 1009 (9th Cir. 2004). Therefore, petitioner's
09 § 2241 petition is properly construed as one brought pursuant to § 2254.

10 A review of this court's records reveals that this is the second federal habeas petition filed
11 by petitioner in recent months challenging the same Snohomish County convictions. *See*
12 *Carmichael v. Washington*, Case No. C05-2076-RSM-MAT. Petitioner filed both petitions under
13 § 2241. An Order was recently issued in Case No. C05-2076-RSM-MAT construing the petition
14 filed therein as one filed pursuant to § 2254, and granting petitioner leave to amend the petition
15 to name a proper respondent.

16 Given that petitioner currently has a § 2254 action proceeding in this Court with respect
17 to his 1987 Snohomish County convictions, the instant action is duplicative. Allowing plaintiff
18 to proceed with both actions at the same time would be inefficient and would violate the limit
19 of one habeas petition per conviction imposed by Congress. *See* 28 U.S.C. § 2244. If petitioner
20 wishes to pursue the claims set forth in the instant habeas petition, he may do so by simply
21 amending his petition in his other cause number, C05-2076-RSM-MAT.

22 Accordingly, the instant habeas action is DISMISSED. The Clerk is directed to send a
copy of this Order to petitioner and to the Honorable Mary Alice Theiler.

ORDER OF DISMISSAL
PAGE -2

01       DATED this 27th day of February, 2006.

02

03                                         JAMES L. ROBART

04                                         United States District Judge

05 Recommended for Entry this
 27th  day of February, 2006.

06

07 s/ Mary Alice Theiler
United States Magistrate Judge

08

09

10

11

12

13

14

15

16

17

18

19

20

21

22

ORDER OF DISMISSAL
PAGE -3